UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYDIA TSCHOE,<br><br>      Plaintiff,<br><br> - against -<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>      Defendant. | **ORDER**<br><br>20 Civ. 7331 (PGG)<br>20 Civ. 7893 (PGG) |
| TZVI GOLDRING, individually and on behalf of all other similarly situated consumers,<br><br>      Plaintiff,<br><br> - against -<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>      Defendant. | |

PAUL G. GARDEPHE, U.S.D.J.:

    Tzvi Goldring, on behalf of himself and a class of similarly situated consumers, and Lydia Tschoe, on behalf of herself, allege that Defendant Monarch Recovery Management, a debt collection agency, has violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. (See Goldring, 20 Civ. 7893, Dkt. No. 1-1 (Notice of Removal, Ex. A) (Cmplt.); Tschoe, 20 Civ. 7331, Dkt. No. 1-1 (Notice of Removal, Ex. A) (Cmplt.))

    In November 2021, Defendant Monarch moved for summary judgment in both actions. (Goldring, 20 Civ. 7893, Dkt. No. 44; Tschoe, 20 Civ. 7331, Dkt. No. 28) Plaintiff Goldring cross-moved for summary judgment on his FDCPA claim, and also moved for class

certification. (Goldring, 20 Civ. 7893, Dkt. Nos. 50, 52) On March 22, 2024, this Court denied all of the parties' motions without prejudice, expressing concern that neither Plaintiff had shown a "concrete harm" sufficient to confer standing. See Tschoe v. Monarch Recovery Mgmt., Inc., No. 20 Civ. 7331 (PGG), 2024 WL 1251278, at *1-2 (S.D.N.Y. Mar. 22, 2024) (the "March 22, 2024 Order"). In that same order, this Court directed Plaintiffs to "show cause [by April 5, 2024] why their FDCPA claims should not be dismissed for failure to plead facts or proffer evidence demonstrating Article III standing." Id. at *11.

Plaintiff Tschoe has not responded to the Court's show cause order. Plaintiff Goldring has made a submission arguing that he has standing. (Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.))

For the reasons stated below, the Court concludes that neither Plaintiff has standing. Accordingly, both actions will be dismissed for lack of subject matter jurisdiction.

## BACKGROUND[1]

Monarch sent a debt collection letter to Plaintiff Goldring on June 18, 2020, and sent the same form collection letter to Plaintiff Tschoe on July 16, 2020. See March 22, 2024 Order, 2024 WL 1251278, at *2-3. The letter, in relevant part, reads as follows:

> Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office verbally or in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. You can contact Monarch using any phone number or any address listed on this letter.

---

[1] Familiarity with the Court's March 22, 2024 Order is assumed. See March 22, 2024 Order, 2024 WL 1251278.

> This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

(Goldring, 20 Civ. 7893, Dkt. No. 46-3 (Mazzacano Decl., Ex. C (Monarch June 18, 2020 Ltr. to Goldring)); Tschoe, 20 Civ. 7331, Dkt. No. 30-3 (Mazzacano Decl., Ex. C (Monarch July 16, 2020 Ltr. to Tschoe))) The letter does not inform consumers that any request for (1) verification of a debt, or (2) the name and address of the original creditor, must be made in writing.

Plaintiffs did not notify Monarch – either verbally or in writing – that they disputed the debt. (See Goldring, 20 Civ. 7893, Dkt. No. 57 (Monarch R. 56.1 Counterstmt.) ¶¶ 8-10 ("At no time did [Goldring] . . . dispute his debt obligation with [Defendant]."); id., Dkt. No. 46-6 (Goldring Dep.) at 24:4-18 (Goldring testifying that he "didn't do any kind of dispute," either verbally or in writing); Tschoe, 20 Civ. 7331, Dkt. No. 33 (Tschoe R. 56.1 Counterstmt.) ¶¶ 6-8 ("At no time did [Tschoe] . . . dispute her debt obligation with [Defendant].");

On July 21, 2020, Plaintiff Goldring filed his Complaint in Supreme Court of the State of New York, Rockland County, as a putative state-wide class action. (Goldring, 20 Civ. 7893, Dkt. No. 1-1 (Cmplt.) at 1, ¶¶ 13-34) Plaintiff Tschoe filed her Complaint in Civil Court of the City of New York, County of New York, on August 11, 2020. (Tschoe, 20 Civ. 7331, Dkt. No. 1-1 (Cmplt.) at 1) Monarch removed both cases to this District. (Id., Dkt. No. 1 (Notice of Removal) at 2; Goldring, 20 Civ. 7893, Dkt. No. 1 (Notice of Removal) at 2)

Both complaints allege that Monarch violated the FDCPA by sending debt collection letters to consumers stating that they can "obtain verification of the debt" or obtain "the name and address of the original creditor" by making a request to Monarch for this information either "verbally or in writing." (See Goldring, 20 Civ. 7893, Dkt. No. 1-1 (Cmplt.) ¶¶ 9-12, 34; Tschoe, 20 Civ. 7331, Dkt. No. 1-1 (Cmplt.) ¶¶ 10-13, 22-30) According to Plaintiffs, the reference to a verbal communication "is misleading and confusing," and

3

constitutes a "false representation" under the FDCPA. (See Goldring, 20 Civ. 7893, Dkt. No. 1-1 (Cmplt.) ¶¶ 9-12, 34; Tschoe, 20 Civ. 7331, Dkt. No. 1-1 (Cmplt.) ¶¶ 10-13, 22-30); see also 15 U.S.C. §§ 1692g(a)(4) (stating that a consumer may "obtain verification of the debt" by making a request to "the debt collector in writing"); id. § 1692g(a)(5) (stating that a consumer "may obtain the name and address of the original creditor" by making a "written request" to the debt collector).

On November 23, 2021, and November 29, 2021, Monarch moved for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that its collection letters do not violate the FDCPA. (Goldring, 20 Civ. 7893 (Dkt. No. 44); Tschoe, 20 Civ. 7331 (Dkt. No. 28)) Goldring cross-moved for summary judgment on his FDCPA claim, and also moved for class certification pursuant to Fed. R. Civ. P. 23(b)(3). (Goldring, 20 Civ. 7893 (Dkt. Nos. 50, 52)) In opposing Goldring's motion for class certification, Monarch argued, inter alia, that Goldring has not demonstrated Article III standing, given that he has not shown any concrete injury. (Id., Dkt. No. 39 (Def. Class Cert. Opp.) at 6-9)

In the March 22, 2024 Order, this Court expressed "concern[] that neither Goldring nor Tschoe has adequately pled or proffered evidence of injury sufficient to demonstrate Article III standing under TransUnion[ LLC v. Ramirez, 594 U.S. 413 (2021)]." See March 22, 2024 Order, 2024 WL 1251278, at *1. Under TransUnion and its progeny, a plaintiff alleging a statutory violation "must demonstrate that he has 'been concretely harmed by [the] defendant's statutory violation.'" Id. at *6 (quoting TransUnion, 594 U.S. at 427) (emphasis in TransUnion). Accordingly, a plaintiff alleging an FDCPA violation may not "'rely[] entirely on a statutory violation or risk of future harm,'" but instead must plead or proffer "'specific evidence of reputation or monetary harm.'" Id. at *7 (quoting first Maddox v.

4

Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 64 (2d Cir. 2021), and then quoting Adler v. Penn Credit Corp., No. 19 Civ. 7084 (KMK), 2022 WL 744031, at *8 (S.D.N.Y. Mar. 11, 2022)).

As to Plaintiff Goldring, this Court noted that he (1) claimed a "statutory violation" under the FDCPA, but had not alleged a concrete harm; (2) asserted that Monarch's alleged FDCPA violation had an "obvious connection" to the "common law tort of fraudulent misrepresentation," but had not alleged that he reasonably "relied on the debt collection letter to his detriment in any way"; and (3) stated that Monarch's collection letter put him into a "state of confusion," but had not proffered any facts regarding his emotional state. Id. at *9-10 (citations omitted).

As to Plaintiff Tschoe, this Court noted that she had not pled or proffered facts showing an injury, and had merely stated – in a conclusory fashion – that she had "suffered emotional damages." Id. at *10-11 (citations omitted).

Where a plaintiff has not demonstrated Article III standing, a federal court lacks subject matter jurisdiction. Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005) ("Without a plaintiff's satisfaction and demonstration of the requirements of Article III standing, a federal court has no subject matter jurisdiction to hear the merits of a plaintiff's . . . claim."). Accordingly, this Court denied without prejudice Monarch's motions for summary judgment (Goldring, 20 Civ. 7893, Dkt. No. 44; Tschoe, 20 Civ. 7331, Dkt. No. 28), and Goldring's motions for summary judgment and for class certification (Goldring, 20 Civ. 7893, Dkt. Nos. 50, 52). See March 22, 2024 Order, 2024 WL 1251278, at *11. Because no party had addressed standing in connection with summary judgment briefing, however, this Court directed Plaintiffs Goldring and Tschoe to

show cause – by April 5, 2024 – why their FDCPA claims should be permitted to proceed. Id. at *2, *11; Goldring, 20 Civ. 7893, Dkt. No. 64 (Apr. 5, 2024 Order) (granting Goldring an extension of time to show cause)); see also Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision, 16 F.4th 67, 78 (2d Cir. 2021) (noting that courts "'are entitled at any time sua sponte to delve into the issue' of standing even if defendants do not raise the issue") (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997)).

As noted above, Plaintiff Tschoe did not show cause, or respond in any fashion, to the March 22, 2024 Order.

In an April 12, 2024 submission, Plaintiff Goldring contends that he suffered (1) a "tangible" injury by "[s]pending time and money" to mitigate the "concern and confusion" raised by Monarch's June 18, 2020 debt collection letter; and (2) "intangible injuries," including "emotional distress" and an "informational injury." (Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.) at 7-10)

## DISCUSSION

In arguing that he suffered an injury in fact, Goldring points to the following:

(1) he "spen[t] money . . . hiring legal counsel" because of "concern and confusion" caused by Monarch's June 18, 2020 collection letter;

(2) he suffered "emotional distress," including "fear and anxiety after receiving [Monarch's June 18, 2020] collection letter[]";

(3) Monarch's alleged FDCPA violations "bear[] a close relationship" to "fraudulent [or] negligent misrepresentation"; and

(4) he "'failed to receive information to which [he] is legally entitled,'" which caused "an intangible informational injury."

(Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.) at 7-10) (quoting Kelly v. RealPage Inc., 47 F.4th 202, 211 (3d Cir. 2022))

6

Goldring states that he "hir[ed] legal counsel" to seek advice regarding "how to proceed" after receiving Monarch's collection letter, and to bring his lawsuit, and that the legal fees he incurred constitute a monetary harm that qualifies as a concrete injury. (Id. at 7-9) According to Goldring, he "g[a]ve his attorney" Monarch's collection letter within "30 days." (Id., Dkt. No. 46-6 (Goldring Dep.) at 40:3-16) ("[I]t says in [Monarch's] letter that I had 30 days [to dispute the validity of the debt], so I was pretty quick . . . [to] mak[e] sure that [my attorney] received the letter . . . within that 30-day period that [Monarch] gave me in the letter.")

In arguing that the legal fees he incurred constitute an injury in fact, Goldring cites to Fleming v. ProVest California LLC, No. 21 Civ. 4462 (LHK), 2021 WL 6063565 (N.D. Cal. Dec. 22, 2021) and Adler v. Penn Credit Corp., No. 19 Civ. 7084 (KMK), 2022 WL 744031 (S.D.N.Y. Mar. 11, 2022). (Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.) at 7-8) According to Goldring, these cases hold that standing is "sufficient[ly]" established "where [an] [FDCPA] plaintiff 'sought the assistance of legal counsel.'" (Id. at 7)

Fleming explicitly states, however, that "legal costs associated with affirmative lawsuits cannot create Article III standing." Fleming, 2021 WL 6063565, at *7 (citing Bayer v. Neiman Marcus Group, Inc., 861 F.3d 853, 866-67 (9th Cir. 2017)). And Adler acknowledges that the Fleming court found standing based on legal costs plaintiff had incurred in defending a debt collection action. Adler, 2022 WL 744031, at *8 n.14.

Here, Goldring has brought an affirmative lawsuit, and Goldring's "own choice to consult a lawyer about an allegedly deficient mailing" cannot establish standing. Clarke v. McCabe, Weisburg & Conway, LLC, No. 22 Civ. 3289 (RPK) (PK), 2022 WL 3030347, at *2 (E.D.N.Y. Aug. 1, 2022). "[T]o allow otherwise would enable litigants to 'manufacture standing merely by inflicting harm on themselves.'" Cavazzini v. MRS Assocs., 574 F. Supp. 3d 134,

7

144 (E.D.N.Y. 2021) (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 416 (2013); see id. ("the burdens of bringing a lawsuit cannot be the sole basis for standing").

As to Goldring's claim that he suffered "emotional distress" and confusion as a result of Monarch's letter (Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.) at 8-9), this Court explained in the March 22, 2024 Order that these conclusory allegations are not sufficient to demonstrate an injury in fact. See March 22, 2024 Order, 2024 WL 1251278, at *9 (ruling that Goldring's allegation that Monarch's June 18, 2020 letter "confuses and misleads the consumer about his mandatory rights" (id., Dkt. No. 1-1 (Notice of Removal, Ex. A (Cmplt.)) ¶ 9) "'is not itself an injury' for purposes of Article III." March 22, 2024 Order, 2024 WL 1251278, at *9 (quoting Clarke, 2022 WL 3030347, at *2). "[T]he distress or anxiety caused by 'simply mailing a collection letter, even if erroneous, is a far cry from extreme and outrageous conduct' required to assert a cognizable claim for emotional harm." Clarke, 2022 WL 3030347, at *2 (quoting Cavazzini, 574 F. Supp. 3d at 141); see also Maddox, 19 F.4th at 66 ("A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."); Schmelczer v. Penn Credit Corp., No. 20 Civ. 2380 (KMK), 2022 WL 862254, at *7 (S.D.N.Y. Mar. 23, 2022) (holding that a plaintiff's claims that a debt collection letter caused him "to become 'confused' and 'concerned' . . . are insufficient to establish concrete injury sufficient to confer Article III standing") (quoting plaintiff's deposition transcript).

Goldring also repeats his argument that he has standing because Monarch's alleged FDCPA violations "bear a close relationship" to "fraudulent [or] negligent misrepresentation." (Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.) at 7-8). This Court rejected that argument in the March 22, 2024 Order, ruling that Goldring has not "'plead enough

8

facts to make it plausible that [he] did indeed'" reasonably rely on Monarch's letter or suffered damages as a result of such reliance. March 22, 2024 Order, 2024 WL 1251278, at *10 (quoting Maddox, 19 F.4th at 65-66). Indeed, "[t]here is no evidence . . . that Goldring relied on Monarch's letter in any way; he does not allege that he sought – either verbally or in writing – to verify his debt or determine the original creditor. . . . [T]he record shows that '[a]t no time did [Goldring] . . . dispute his debt obligation with [Defendant].'" Id. at *8 (quoting Goldring, 20 Civ. 7893, Dkt. No. 57 (Pltf. R. 56.1 Counterstmt.) ¶¶ 8-10); see Goldring, 20 Civ. 7893, Dkt. No. 46-6 (Goldring Dep.) at 24:4-19) (Goldring testifying that he "didn't do any kind of dispute," either verbally or in writing)) Because fraudulent or negligent misrepresentation requires reasonable reliance, see Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y., 375 F.3d 168, 187-90 (2d Cir. 2004), and because Goldring does not allege that he relied on Monarch's alleged misrepresentation, there is no basis to alter the reasoning in the March 22, 2024 Order.

Finally, Goldring argues that he suffered an "intangible informational injury," because Monarch's June 18, 2020 letter provided inaccurate information concerning how "he might be able to exercise his rights." (Goldring, 20 Civ. 7893, Dkt. No. 65 (Goldring Br.) at 9-10) As a result, Goldring suffered the following "negative consequences": (1) he "was put in a position to believe that he might be able to exercise his rights orally"; (2) he "required . . . a [lawyer] to assist in understanding his rights"; and (3) "his ability to intelligently choose his response" was "frustrated." (Id. at 10) In arguing that his "informational injury is sufficient to confer standing" (id. at 9-10), Golding cites to Kelly v. RealPage Inc., 47 F.4th 202 (3d Cir. 2022).

Kelly is a Fair Credit Reporting Act case in which the Third Circuit held that an informational injury may confer standing where a plaintiff alleges that he was "denied information to which []he [is] legally entitled [by statute]," and the denial "led to 'adverse effects' or other 'downstream consequences'" related "to the interest Congress sought to protect." Kelly, 47 F.4th at 212, 214 (quoting first TransUnion, 594 U.S. at 442, and then citing Spokeo, Inc. v. Robins, 578 U.S. 330, 342 (2016)). The Kelly plaintiffs alleged that they "sought disclosure of information" from a credit reporting agency pursuant to the Fair Credit Reporting Act, but the disclosure they received did not contain certain information required by the statute. Id. at 214. In alleging informational injury, the Kelly plaintiffs cited the following "adverse consequences": (1) they were prevented from "obtain[ing] information they needed to cure their credit issues"; (2) they were "denied the apartments for which they applied"; and (3) one plaintiff had "only been able to secure public housing" as a result of the credit agency's error. See id. at 214-15. The Third Circuit found that these "adverse effects" provided a sufficient basis for standing.[2] Id. at 215.

Kelly is of no assistance to Goldring, because his complaint does not allege "adverse effects" that flowed from Monarch's collection letter. As discussed above, Goldring does not dispute the debt referenced in Monarch's collection letter, and he did not respond to Monarch's letter in any fashion. And while Goldring says that he hired a lawyer – for reasons explained above – that action on his part does not provide a basis for alleging an injury in fact.

---

[2] Kelly is thus fully consistent with TransUnion, which holds that an "'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" TransUnion, 594 U.S. at 442 (quoting Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1004 (11th Cir. 2020)); see also Rosenberg v. McCarthy, Burgess & Wolff, Inc., No. 21 Civ. 2199 (MKB), 2022 WL 3030390, at *5 (E.D.N.Y. Aug. 1, 2022) (collecting cases holding that "an informational injury" that is not accompanied by financial, legal, or other consequences is "insufficient to confer standing in the FDCPA context").

In sum, Goldring has merely alleged a general statutory violation, and has not demonstrated that he suffered any concrete harm. See Trans Union, 594 U.S. at 427 (holding that an "injury in law is not an injury in fact" for purposes of Article III standing); see Rosenberg v. McCarthy, Burgess & Wolff, Inc., No. 21 Civ. 2199 (MKB), 2022 WL 3030390, at *4 (E.D.N.Y. Aug. 1, 2022) (ruling that an FDCPA plaintiff had not shown any "adverse effects" from a debt collection letter where plaintiff "fail[ed] to allege that he relied in any way upon the representations [in the letter]"). Accordingly, Goldring has not shown cause why his complaint should not be dismissed for lack of standing.

        As to Plaintiff Tschoe, she has not responded in any fashion to this Court's show cause order. Accordingly, her complaint will be dismissed for lack of standing, and for the reasons set forth in the March 22, 2024 Order. See March 22, 2024 Order, 2024 WL 1251278, at *10-11.

## **CONCLUSION**

For the reasons stated above, Plaintiffs Goldring and Tschoe have not demonstrated a basis for Article III standing.  Accordingly, Tschoe v. Monarch Recovery Management, Inc., 20 Civ. 7331 (PGG) is remanded to Civil Court of the City of New York, County of New York, and Goldring v. Monarch Recovery Management, Inc., 20 Civ. 7893 (PGG), is remanded to Supreme Court of the State of New York, Rockland County.[3]

The Clerk of Court is directed to close these cases.

Dated: New York, New York
       May 31, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[3] "In any case removed from a state court," "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Wolkenfeld v. Portfolio Recovery Assocs., LLC, No. 22 Civ. 1156 (PKC), 2022 WL 1124828, at *4 (E.D.N.Y. Apr. 14, 2022) (remanding FDCPA case to state court because the district court lacked subject matter jurisdiction).